UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                         Crim. No. 11-mj-031-01-LM

Mark Pate

### ORDER OF DETENTION PENDING TRIAL

At the initial appearance on a complaint charging the defendant with Aggravated Identity Theft and Fraud and Related Activity in Connection with Access Devices in violation of 18 U.S.C. §§ 1028A and 1029(a)(2), the defendant stipulated to detention without prejudice. After the court denied the defendant's request for a judicial recommendation to enter the Strafford House of Corrections Therapeutic Community Program, he filed a Request for Bail Hearing (doc. no. 14). The court conducted a hearing on the defendant's motion on this date.

Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141 et seq., "does not authorize a detention hearing whenever the government thinks detention would be desirable, but rather limits such hearings to the [circumstances listed in 18 U.S.C. § 3142(f)(1) and (f)(2)]." United States v. Ploof, 851 F.2d 7, 10

(1st Cir. 1988).  When a detention hearing is authorized, the court must determine whether any condition or combination of conditions set forth in Section 3142(c) will reasonably assure the appearance of the defendant ("risk of flight") and the safety of any other person and the safety of the community ("dangerousness").  18 U.S.C. § 3142(f); United States v. Patriarca, 948 F.2d 789, 791 (1st Cir. 1991).  In making this determination, the court must consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release.  18 U.S.C. § 3142(g).

   During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government has the burden of persuading the court that no condition or combination of conditions will reasonably assure (1) the defendant's presence at trial, United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988), or (2) the safety of another or the community.  Patriarca, 948 F.2d at 793.  For its part, the government is required to offer a

preponderance of the evidence to prove risk of flight and clear and convincing evidence to establish dangerousness.  See Patriarca, 948 F.2d at 792-93.

The bail hearing in this case was somewhat atypical as the defendant did not advocate for the defendant's release or set forth proposed conditions of release, but merely requested the court "enter an order releasing the defendant pending trial on [the] condition that he remain incarcerated until a bed becomes available at a suitable inpatient treatment program (such as Southeastern New Hampshire Services) and that he transfer directly to that program ... [and] that he successfully complete the program together with all recommended followup."  After considering the factors set forth in 18 U.S.C. § 3142(g), and for the reasons more fully stated on the hearing record, the court (1) finds that the government has met its burden to establish that no conditions can reasonably assure the defendant's presence at trial and/or the safety of another or the community, and (2) denies defendant's request for a order releasing him to an inpatient treatment program.

Accordingly, it is **ORDERED** that the defendant be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

/s/ Daniel J. Lynch
Daniel J. Lynch
United States Magistrate Judge

Date: July 19, 2011

cc:   William E. Morse, AUSA
      Jonathan Saxe
      U.S. Marshal
      U.S. Probation